Held, that the case thus presented was one in which the statute authorises the taking of depositions. — R. S. p. 720.
Held also, that upon the cause being again called on the fóur-teenth day of the term, the deposition having in the meantime been taken, and it being shown that said witness was still unable to attend the Court, a motion to suppress said deposition, on the ground that it was taken during the term of the Court while counsel must be presumed to have been engaged therein, and unable to attend to the taking of it, was correctly overruled.
The defendant next applied for a continuance, because said deposition, which the plaintiffs claimed to use upon the trial, had not been filed one day before that on which the cause stood on the docket for trial. The statute upon this subject is as follows: “ Every deposition taken in accordance with the provisions of this article (the deposition in question having been so taken) and intended to be read in evidence must be filed in the proper court, at least one day before the time at which such cause in which such deposition is to be used stands on the docket for trial; or if filed afterwards and claimed to be used on the trial, the adverse party shall be entitled to a continuance at the costs of the party filing sucb deposition.” — 11. S. p. 723, § 286.
Held, that “ the time” at which such cause “ stands on the docket for trial,” referred to in the above section, means the day on which the clerk, in making his docket in vacation, sets the cause for trial, and that as the deposition, in this case, was not filed before that time, the application of the defendant for a continuance should have prevailed.

Judgment reversed.